Jere H. Wheelwright, Jr. v. Commissioner.
Wheelwright v. Commissioner
Docket No. 107020.
United States Tax Court
1942 Tax Ct. Memo LEXIS 79; 1 T.C.M. (CCH) 137; T.C.M. (RIA) 42608; November 24, 1942
*79 J. R. Bartels, Esq., for the petitioner. F. S. Gettle, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, J.: This proceeding involves a deficiency in income tax determined by the respondent for the year 1937 in the amount of $381.17. The facts and the issue for decision are similar to those involved in the proceeding of J. Sterling Rockefeller, Docket No. 107019. The parties have stipulated that all of the evidence submitted in that proceeding which pertains to the financial condition, operation and management of the Delaware corporation, Garrison Fire Detecting System, Inc., and of the several corporations operating under license from it, is to be deemed as having been submitted in this proceeding. Certain additional facts have been stipulated, and additional evidence has been introduced. Findings of Fact We incorporate by reference and adopt as findings of fact herein such parts of our findings of fact in the proceeding of J. Sterling Rockefeller, Docket No. 107019, as pertain to the financial condition, operation and management of Garrison Fire Detecting System, Inc., a Delaware corporation; Garrison Fire Detecting System, Inc., a New *80 York corporation; Garrison Engineering Corporation, a New York corporation; and Garrison Engineering Corporation, a Massachusetts corporation. In addition we find the following facts: The petitioner in 1937 was a resident of New York City. He filed his income tax return for that year with the collector of internal revenue for the third district of New York. At all material times during the year 1937, petitioner was the owner of $21,000 face amount of the 1931 issue of 6 per cent secured debentures of Garrison Fire Detecting System, Inc., a Delaware corporation, which he had acquired at a cost of $21,000. In the bankruptcy proceedings of that corporation, the record recites that he consented to the court's order of November 6, 1936, that the corporation be liquidated and its assets administered by a referee. Subsequent to the bankruptcy sale of April 1937, he was advised by counsel that the debentures, for income tax purposes, should be treated as having become worthless in 1937. He claimed deduction of their cost in his return for 1937 as a debt ascertained to be worthless and charged off within the taxable year. Respondent disallowed the claim, made certain other adjustments not *81 here in issue, and determined a deficiency as stated above. Petitioner's returns for the year 1936 and 1937 reported gross income, deductions and net income (or loss) as follows: Gross
Net
Year
Income
Deductions
Income
1936
$10,790.96
$64,922.21
$54,131.25 (loss)
1937
8,409.83
22,309.69
13,899.86 (loss)
Opinion The essential facts to be considered here have by the parties been stipulated to be the same as those considered by us in J. Sterling Rockefeller, Docket No. 107019, in which opinion has this day been entered. It follows that the conclusion herein must be the same as there. We therefore hold, as therein we held, that no error is found in the determination of deficiency made by the Commissioner. Decision will be entered under Rule 50.